Morning. May it please the court. My name is Tim Dolan. I'm here on behalf of Sheriff Timothy Dunning and I'd like to reserve three minutes for rebuttal. When former Deputy Douglas County Sheriff Cory Cooper used the threat of arresting Miss McGuire's boyfriend to coerce her into taking off her shirt and her bra and then performing oral sex on him, he wasn't perpetuating any pattern of very similar behavior among Douglas County Sheriff's deputies. His action was an conscience-shocking violation of her substantive due process under very clearly established Eighth Circuit law. When Miss McGuire sued Sheriff Dunning for violations of her substantive due process, equal protection, and Fourth Amendment rights stemming from what Cooper had done to her, the district court viewed the facts in the light most evidence or in the light most favorable to Miss McGuire and reached several legal conclusions that we are asking this court to take a hard look at. Especially the equation of every single complaint involving any kind of sexual misconduct with a substantive due process violation that is very similar to what Cooper did to Miss McGuire and its reliance upon this equation to find Dunning's deliberate indifference to the other sub to Miss McGuire's substantive due process, Fourth Amendment, and equal protection rights. Dunning also asked this court to reconsider the district court's finding or reverse the district court's finding, excuse me, that any law was clearly established under the circumstances of this case that would have alerted him that either his training or his supervision of Mr. Cooper was unlawful. The district court focused its efforts largely on substantive due process so that is what I will leave with today. Law regarding supervisory liability and substantive due process is clearly established in the Eighth Circuit and provided a framework of three steps to evaluate whether any of the prior complaints of sexual misconduct actually did impart notice. Those are whether there was an actual abuse of government power, whether that abuse of government power was so egregious as to shock the conscience, and finally whether it was very similar to what Mr. Cooper did. Applying this framework should have weeded out several of the complaints. The first step of that framework would be was there an abuse of government power? In several of the instances the district court relied upon and finding a notice of a pattern there wasn't any application of government power at all. Off-duty incidents, incidents that were purely personal in nature, did not involve any sort of government power and that would have eliminated the sheriff's deputy whose off-duty interaction with his stepdaughter, a sheriff's lieutenant who was during work hours but without any indication that he was actually employing the power vested in him, having affairs off-duty, a deputy who was working employment, secondary employment at an area hospital, and finally a building security officer who had tried to kiss a woman that he knew and had a flirty relationship with while the two were riding in an elevator. The next piece of the substantive due process framework requires egregious or conscience-shocking behavior. At one end rape is clearly egregious and conscience-shocking but at the other this court's precedent holds in Hawkins versus Holloway that vulgar remarks even if accompanied by some kind of touching don't arise don't rise to the level of substantive due process violations. An application of this should have led the prior complaints. In your in your brief it seems that you provide a lot more factual detail. I got the sense that there was a more of a factual dispute in your in your briefing. The district court made very limited fact finding on some of these prior incidences. The way I read your brief is that you wanted us to consider or dig into some of the more facts surrounding those priors. Your those priors must be viewed in a light most favorable to Miss McGuire and the briefing disputes are just in how Mr. Dunning is characterized as sheriff Dunning has characterized some of the those prior events. Ultimately if there is any dispute where where Dunning may have given a more condensed version of the prior complaints he's not disputing that he knew the underlying facts. So if plaintiff has pointed to additional facts that were not in Sheriff Dunning's brief there isn't an actual factual dispute there. Dunning accepts whatever additional facts Miss McGuire thinks comprise parts of those complaints. Can can we do that on this interlocutory appeal? Aren't we limited to what the is the short answer because when the district court and actually in the Riggs case that was recently 28 the subject of a 28 J letter to this court this court acknowledged the rule that when a district court does not adequately explain its findings this court may undertake a cumbersome review of the record. During that review of the record the court will look at the facts most favorably to the plaintiff. Do you think that we need to do that cumbersome review in this particular case to get at the issues that you're raising to us? Your Honor I I would may I give a two-step answer I think the first would be if this court is so inclined it may if the four and the court may need to do that because the face of the district courts order does not establish Dunning's violation of the Constitution. The district court essentially created different elements for supervisory liability that don't reach the if this court corrects it applies the correct such as notice of a pattern of similar constitutional violations the district court just found notice of sexual misconduct in general. Deliberate indifference to sexual misconduct in general has never been the standard under controlling law. On that basis alone Your Honor this court could certainly reverse the district courts order because that the facts as found by the district court do not add up to the the facts. I would submit to this court that the fact that the district court has not established law or that he violated the Constitution to begin with which is the first step of the qualified immunity analysis. However if the court peers past the district courts order and into the record those facts obviously must be viewed more favorably to the plaintiff. I would submit to this court that much has been made over a factual dispute of the quality of those underlying investigations. However there isn't any there's no clearly established law mandating particular investigative procedures. There's no clearly established law that at any point really has required Sheriff Dunning or his investigators to view complaints through a particular lens. The lens advocated by Ms. McGuire's expert. What clearly established law does suggest since the there can't be facade investigations. You have to do something real and in this case. What did the district court find about the investigations? The district court found that there was that well its findings are a little bit at loggerheads. It did find that some of the incidents were investigated but ultimately it also suggested later that maybe the investigations it this we're not it it said the investigations may not have been that great. I'm The district court absolutely did not find and there isn't any evidence of is that those investigations were facades to cover up constitutional misconduct among Dunning's personnel and respectfully if this court were to find deliberate indifference it would have to find that those were facade investigations. That's the Rogers case. The final phase of the substantive due The district court in equating every sexual misconduct complaint with rape really didn't peer very closely at any of them. There are arguably maybe two very similar acts to what Cooper did. One took place in 1998 when a deputy working a jail had traded cigarettes for a woman showing her breasts. The other occurred in 2002 when a deputy had taken a juvenile detainee to his apartment and then may or may not have touched her. That was disputed but what what wasn't disputed is that he did say don't tell anyone or I'll shoot you. Either of those may have risen to the level of substantive due process violations arguably however two incidents 15 and 11 years before what Miss before Cooper's rape of Miss McGuire would not have constituted a pattern. There is clearly established law in this circuit saying that that was a pattern. Are you arguing that the pattern evidence and I I know you didn't today but I'm just thinking in your brief that the pattern evidence needed to involve prior conduct by Cooper or is it sufficient that it involved anyone under the sheriff's supervision? We've conceded that it could be anyone under the sheriff's supervision. The evidence the record is without dispute that Cooper didn't have any any known sexual misconduct prior to the investigation that led to his ultimate termination in this case. Your honor the district court also found three facts supporting its finding of deliberate indifference but generally speaking the law is clear that without a pattern you don't have deliberate indifference but the district courts three factual findings on deliberate indifference are all contrary to law also. The first is that he said Dunning was on notice for sexual misconduct for the last 20 years. Again circuit precedent requires that notice that deliberate indifference be to the particular constitutional violation so it fell under the threshold. The district court also said he didn't consistently monitor his employees adherence to Douglas County Sheriff's Office policies but in the Krigbaum case this this court also held that that is not the same that the violations of policies are not the same as constitutional violations and finally it found that he didn't readily investigate information when he heard of Miss McGuire's complaint to the Omaha Police Department but the deliberate indifference must be to the prior pattern otherwise the the causal connection can't work. Deliberate indifference must cause the later violation at issue and so finding that maybe didn't respond with the same alacrity as the district court thought it should he should have is just it's contrary to law and temporally it doesn't work. I'm getting very close to my rebuttal so I do just want to touch upon the district courts very brief Fourth Amendment analysis. The factual findings were sparse but they very they very clearly show that there wasn't a  been disposed of and he knew he needed to let her go so any similar other instances must have involved prolonged detention and in this case the record is clear that during that detention is when he was coercing her into disrobing that's when the rape happened that's how the rape happened there clearly weren't other similar instances and finally the district court made no findings with respect to equal protection it essentially just mirrored the generic elements of a cause of action where there has to be discriminatory intent by Dunning that finding alone warrants reversal of the district court's order I would like to reserve the rest of my time for rebuttal. Very well. Morning Ms. Lovey. Good morning may it please the court I'm Debra Lovey on behalf of the Dunning tries to argue that all of these complaints are dissimilar there's no jurisdiction for this appeal he tries to argue that the complaints are dissimilar by either conflating everything with the rape and it's telling that he spent all but 30 seconds of his arguments only talking about the substantive due process argument and by minimizing or ignoring the things that are relevant to each cause of action when you divide out the three separate causes of action it's clear that the district court has made solid findings that the district court found that Sheriff Dunning had notice of patterns of unconstitutional acts and was deliberately indifferent to the risks of the constitutional violations under each of the of the claims that Ms. McGuire brings so I'd like to talk about them individually so you can see how clear the district courts findings are and how there is no jurisdiction at all to contest the factual findings and that is what is at the heart of this appeal here let's start with the Fourth Amendment if we could the district court findings support that Deputy Cooper violated the plaintiff's Fourth Amendment rights that Dunning was aware of a pattern of such violations and that he failed to supervise against them with regard to the underlying constitutional violation and the council was just discussing please recall Ms. McGuire was held in the car without probable cause for almost an hour she was questioned this is after there was no probable cause and everybody the district court found that she was held in question and this is before Cooper then exits the car in order to rape her he used his authority at some point during that just to force her to strip now the district court found at page a 22 that Dunning had notice of the need to supervise against Fourth Amendment violations quote there's sufficient evidence to find Dunning's training and supervision permitted deputies to conduct unreasonable searches and seizures by prolonging such exposures and the examples were prevalent you had the juvenile who was held in the deputies apartment for no legal purpose you had numerous women who complained about being stopped for no lawful justification so that officers could discuss their sex lives or the women's bodies or leer at them you had a woman who was held in her own car by a deputy you had a woman who was trapped in an elevator by a deputy the district court had plenty of findings or you know relied on each of those as evident from the ones that it set forth and defendants brief focuses on trying to minimize each on trying to ignore them and how they relate to the Fourth Amendment and there's no jurisdiction for that approach plaintiff is with regards to deliberate indifference the district court found Dunning was deliberate indifference there's ample evidence there again there's the defendants there's the plaintiff's expert there's all the evidence that Cooper had no supervision that he felt he had a free rein so there's no basis for qualified immunity on the Fourth Amendment violation and that's separate and apart from the next the other two violations how similar do the prior episodes of misconduct have to be under the Fourth Amendment claim well a Fourth Amendment claim is based on when deputies or when government actors search or seize without probable cause you have numerous instances where women were stopped for various lengths of time I mean these are about as similar as you get though you've said women so is it is are we focused on on women with some sort of sexual intent or sexual abuse intent or how similar is similar you don't need it for the Fourth Amendment violation this this department had a woman problem I mean that's where it tended to be but the fact that that is the common denominator isn't necessary for the Fourth Amendment claim we would have a Fourth Amendment claim if there was a problem that Dunning knew that his officers were violating routinely violating the Fourth Amendment for for no reason he has a duty to supervise against that now in this particular department they were doing it on the basis of their own period sexual interest and that brings us to equal protection violation because in this case Dunning was certainly on notice that his officers were doing this because of their sexual interest and they had a pattern of using their sexual interest to motivate their selective policing and law enforcement and the examples of that include the Fourth Amendment violations but it also include the officer who was using department resources to sext women to look up their personal information and then send them pictures of his genitalia you also have the the unwanted kissing the the fondling of women's breasts when they were in handcuffs things like that that would but would show equal protection but uh you know Miss McGuire is entitled to proceed under each theory there's no reason to limit it and there's no reason why just the fact that they may have overlapping events would in any way become problematic here there's no jurisdiction to contest these events to as counsel tried to do and as frankly he did you know once again in his argument he you know was talking about one of the instances and he said you know he may or may not have touched her well the crediting our facts the woman said she was touched he's not entitled on appeal to argue about whether or not she was or was not touched for jurisdiction for an interlocutory appeal there's no jurisdiction to look at those facts what about mr. Dolan's argument that some of them are so remote in time and they're spread out that a pattern may not be established well there is a steady drumbeat and that is what the district court found I mean the district court found we have instances two in 2002 two in 2006 2007 four in 2008 2010 2011 this is a sufficient pattern that a jury could certainly find that there was this sort of problem I mean these are these are typical questions once you pass a certain threshold the jury should be allowed to decide did this department have an equal protection probably isn't that a question of law for us to determine whether there's a sufficient pattern isn't that what qualified immunity is all about there is it's sort of a minimal level like that they can contest whether or not there was a sufficient number as a matter of law to provide notice for supervisory supervisory liability as a matter of law but they can't contest that legal sufficiency by disputing the underlying facts regarding the priors or by ignoring certain priors or by saying well she might not have been touched or this might have been a legitimate investigation they can't get into the factual dispute of that and that's where their jurisdictional problem lies and that's the jurisdictional problem with defendants arguments but we could look at if there were ten incidences 20 years ago and nothing in the intervening 19 years we could look at that and decide whether that was a sufficient pattern to but that's not this case in this case what you have is a steady pattern of recent instances you have no training in the past 20 years can I can I ask about deliberate indifference yes are there incidents amongst the various incidents that were that had substance to them that were not investigated and that whenever there was an instance where it was he sheds he said she said so when the officer turned off his microphone or turned off the video in contradiction of policy the department decided it was unfounded because it was he said she said so there were numerous instances where when a woman complained that she had been abused by a police officer those were unfounded but regardless of that the common law doesn't require that these all be proven that Dunning find them all meritorious the record establishes that Dunning wasn't doing any training around these issues that since 1998 and that one slide he refused to do any training so the fact that he maybe had disciplined one officer for this or one officer for that but not trained the other officers or supervise the other officers to tell them hey it's not okay to do these things you can't ask women out when you stop them you can't leer at their breasts when you stop them you can't touch their body when they're handcuffed if he's not training the other officers then he is being deliberately indifferent to his duty to supervise his officers even if there were instances when he was disciplining the one bad actor isn't there's some sort of statewide training in in this area the evidence in this case is that the training whatever training was happening was insufficient and that was the question that the district court was asking the district court asked was Dunning on notice that whatever generalized training was happening was insufficient for the officers in his department and the district court made factual findings that Dunning was on notice that that those whatever generalized trainings were happened were not sufficient because he had a problem with officers regularly selectively policing based on gender and abusing their power based abusing their power as officers so he the question that is asked for supervisory liability is was Dunning deliberately indifferent to his knowledge that whatever training was happening wasn't enough I mean this is the classic case where supervisory liability should apply you have an office you have a department that is is abusing people regularly there are complaints coming in and the supervisor Dunning is on record as saying I just trusted that I was hiring good people I used blind faith his deposition testimony is remarkable in what he says I just assume that because I hired good people they're gonna do the right thing and he flat-out mocks the idea that maybe he ought to do some additional training based on what he's seeing and what's coming forward in his department and that's where supervisory liability should apply regardless of the fact that there might have been generalized but again there's no jurisdiction to contest this because a jury could certainly find that whether or not you know anyone in this courtroom agrees the district court found it and a jury could find it and there's no jurisdiction to decide as a matter of law intent is a classic jury issue and whether or not there was deliberate indifference in Dunning's intent is something that the jury should be allowed to decide don't we have to look at that for qualified immunity purposes whether there's deliberate indifference but the district court found there was the district court found there was the district court provided ample factual support for that finding and there's no jurisdiction at this point to go back the only way to dispute that would be to question the facts again and that's where there's no jurisdiction well I don't know that that's accurate because you know in a qualified immunity case aren't we supposed to look at the facts as found and see if they sustain the conclusion so you could look at the facts as found and arrive at the conclusion that legally they're insufficient right absolutely I absolutely agree and the facts as found in this district court decision support deliberate indifference counsel's arguments that well maybe this one didn't and maybe this one doesn't those there's no jurisdiction for that he can't go back and say the district court got it wrong and that's what's at the heart of his argument and that's why there's no jurisdiction well you can say the district court got it wrong by concluding that it amounted to deliberate indifference yes as that is answering the legal question right and and had he done so there might have been jurisdiction for this appeal but instead he tries to argue throughout his brief the district court got it wrong because the facts aren't as bad as they seem and when he's doing that there's no jurisdiction for that contest when you look at it really argue the facts aren't as bad as they seem or was he arguing instead using the three prong framework that like for example they're insufficiently similar they're remote in time there do not shock the conscience all of those are our legal conclusions we draw right well he argues things like they're insufficiently similar by ignoring the ones conveniently ignoring the ones that are similar or by focusing exclusively on the rape he never addresses adequately that there's clearly deliberate indifference around equal protection and there's clearly deliberate indifference around the Fourth Amendment violation so he ignores the things that are inconvenient ignores the examples that are inconvenient highlights you know one or two that maybe seems petty and then makes the legal argument those are insufficiently your argument essentially is he's cherry-picked certain facts he's made arguments that do not logically hold together and you cannot reach the conclusion that he wants to us to draw and that is is that whatever these incidents are they are not legally sufficient you cannot reach the conclusion you want to draw it without ignoring the inconvenient facts and there is no jurisdiction for this court to ignore the inconvenient facts in order to adopt his legal argument there's no jurisdiction to reweight to reweigh evidence to ignore evidence we have solid facts that support each of the violations there are numerous instances of Fourth Amendment violations that Dunning was deliberately indifferent to there are numerous instances when you divide them out of equal protection you can't just ignore the inconvenient facts so I would ask this court to dismiss the appeal for lack of jurisdiction and affirm the district court thank you very well thank you your honor stunning is not asking this court to ignore any of the findings of any of the factual findings he is squarely challenging whether those findings add up to a violation of his clearly established law there are certain whether whether the whether I personally am guilty of minimizing in describing some of these instances the record is very clear that there were 15 sexual misconduct complaints that Dunning knew of from 1998 all the way until after Cooper raped Miss McGuire and the district court seems to have concluded that all of those violated substantivity process it didn't actually identify which ones violated the Fourth Amendment nor did it identify which constituted equal protection violations but for purposes of this appeal this court may view those complaints and the subsequent investigations in a light favorable to Miss McGuire but it is still not going to conclude that those provided notice of a similar pattern of either substantive due process Fourth Amendment or equal protection violations similarly without that pattern this court cannot find deliberate indifference facts are undisputed in this case and whether Miss McGuire's expert disagrees with whether the disciplines were appropriate of 15 complaints involving any kind of sexual misconduct three were sustained prior to Miss McGuire's rape to them and that also that doesn't even count the two people who resigned following Miss McGuire's rape there were four more sexual misconduct complaints the record is clear that two of those were sustained so while her expert may fault the quality of Douglas County Sheriff's Office investigations and he may suggest that they should have been through a lens that he even acknowledges the majority of law enforcement agencies still using that lens the district courts findings what about what about a lack of training your honor the the lack of training when counsel indicated that whatever training was happening was insufficient that is blatantly contradictory to the record because mr. Cooper testified that with respect to the Fourth Amendment rules governing his interaction with Miss McGuire he got him all right he just intentionally violated him he knew that he couldn't rape a citizen so whatever deficiencies have been identified in the Douglas County Sheriff's Office training they certainly were not what caused this incident they didn't cause mr. Cooper to go rape somebody because they whatever the flaws were the training had adequately conveyed to him that you thank you very well counsel thank you for your arguments today we appreciate your appearance case will be submitted and decided in due course court will stand in recess for a 10-minute break you two more the state of Joyce Peterson yep hello yes yes absolutely you you 10 minutes you